UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE <br><br> HULETT CORPORATION <br> Debtor. | ) <br> ) <br> ) Bankruptcy No. 05-B-63640 <br> ) |
| THOMAS B. SULLIVAN, <br> as Chapter 11 Trustee <br> Plaintiff. <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br> ROLAND MACHINERY CO. <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) Adversary No. 07-A-00917 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION ON ROLAND MACHINERY CO.'S MOTION TO AMEND/RECONSIDER

### FACTUAL BACKGROUND

Hulett Corporation ("Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and its Plan of Reorganization was confirmed. Under the Plan, Thomas B. Sullivan (the "Trustee") was appointed as Trustee of the Creditor's Trust and Disbursing Agent. The Trustee filed this Adversary proceeding pursuant to 11 U.S.C. § 506 and Rule 7001(2) Fed. R. Bankr. P. seeking determination of the priority of competing liens claimed against property of the bankruptcy estate by the United States of America ("USA") through the Internal Revenue Service ("IRS"), and by Roland Machinery Co. ("Roland").

The USA moved for summary judgment. This Adversary and the USA's Motion for Summary Judgment presented the unusual legal question of which claimant has priority as between the Internal Revenue Service of the United States as a tax lien claimant and Roland as a

secured creditor when they both recorded their liens at the exact same moment. The USA argues that it has priority as a matter of law and public policy, because, as a claimant of taxes due, it is an "involuntary creditor." See United States v. McDermott, 507 U.S. 447, 454-55 (1983). Roland urges the Court to follow Southern Rock, Inc. v. B & B Auto Supply, an opinion of the Court of Appeals for the Fifth Circuit, which held that the Government should be treated like any other lienholder and share proceeds *pro rata* in the event of simultaneous recordation. 711 F.2d 683, 689 (5th Cir. 1983).

On June 10, 2008, a Memorandum Opinion was issued herein (the "Opinion") allowing the USA's Motion for Summary Judgment. Sullivan v. United States (In re Hulett Corp.), 389 B.R. 610 (Bankr. N.D. Ill. 2008).

The Opinion held that precedent of the Fifth Circuit was not binding on courts within the Seventh Circuit Court of Appeals, and that the reasoning in that case had been specifically rejected by a Seventh Circuit opinion. Id. at 616 (citing J.D. Court, Inc. v. United States, 712 F.2d 258, 263 (7th Cir. 1983)). Instead, the Opinion followed the reasoning of a Supreme Court opinion which had held that a federal tax lien took priority over another secured claim when they simultaneously attached to after-acquired property. Id. at 619 (citing McDermott, 507 U.S. at 454)). The Opinion reasoned that "[i]f a federal tax lien takes priority over a security interest that attaches at the same time, it must follow that a federal tax lien takes priority over a simultaneously filed or recorded security interest." Id. Therefore, the USA's Motion for Summary Judgment was allowed, and by separate order it was to be awarded judgment giving it priority over the contested funds to the extent of its tax lien. Id. at 620. Judgment was then entered for the United States.

Roland filed a "Motion to Amend/Reconsider" which seeks to alter or amend the June 10, 2008, Summary Judgment. Roland presents four arguments in support of its Motion. First, it argues that <u>McDermott</u> only applied to after-acquired property and asserts that the Opinion mischaracterized as "after-acquired" $125,000 of monies in the estate which came from sale of Debtor's personal property. Second, Roland argues that the Fifth Circuit precedent is the most persuasive authority addressing the simultaneous recording of a federal tax lien and security interest. Third, it argues that if the Court is going to rely on <u>J.D. Court</u>, then Roland's security interest complies with requirements of the "choateness doctrine." Finally, in its Reply in Support of its Motion, Roland raises a new argument that under 26 U.S.C. § 6323 it had forty-five (45) days from the time of the IRS filing its Notice of Tax Lien to comply with requirements of the choateness doctrine.

For reasons stated herein, it is found and held that Roland does not present any newly discovered evidence or establish any error of law or fact and, therefore, its Motion to alter or amend the judgment will be denied by separate order.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This Adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## DISCUSSION

### *Standard for Motion to Alter or Amend Judgment*

Roland's Motion was timely filed under Fed. R. Civ. P. 59(e), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023. To prevail under Rule 59, Roland "must present either newly discovered evidence or establish a manifest error of law or fact." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir.1995)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill.1997)).

### *Roland has not Shown Manifest Error of Law or Fact*

Roland does not contend that there is any newly discovered evidence. Therefore, to succeed, it must demonstrate a manifest error of law or fact.

Roland continues to argue that McDermott only applies to situations involving after-acquired property, and that the Court mischaracterized the $125,000 as after-acquired. According to Roland's Motion:

> This Honorable Court in it's Memorandum Opinion on the United States Motion for Summary Judgment, Page 15, states that **ROLAND** agreed 'whether some of the collateral at issue here is after-acquired is a genuine issue of material fact not determined by the undisputed facts' and that the parties do not dispute that the $125,000.00 is not after-acquired property. This was not **ROLAND'S** position. **ROLAND'S** position was that the $125,000.00 proceeds were obtained from the sale of **HULETT CORPORATION'S** personal property assets. See **ROLAND'S** response at 4 ¶ 5. **ROLAND** has never agreed that the $125,000.00 proceeds were after-acquired at all.

(Roland's Motion to Amend/Reconsider ¶ 1) (emphasis in original.)

Roland's interpretation of the Opinion and the arguments in support of its Motion contradict one another. Roland's Motion quotes the Opinion, which found that "[t]he parties do not dispute that this $125,000 is *not* after-acquired property." Sullivan v. U.S., 389 B.R. at 619 (emphasis added). Roland read this to mean that the Opinion actually held that the $125,000 *was* after-acquired: "**ROLAND'S** position was that the $125,000.00 proceeds were obtained from the sale of **HULETT CORPORATION'S** personal property assets.... **ROLAND** has never agreed that the $125,000.00 proceeds were after-acquired at all." (Roland's Motion to Amend/Reconsider ¶ 1.) Roland's assertion that it never agreed that the $125,000 was after-acquired property does not establish a legal or factual error, because this is exactly what the Court found, that the "$125,000 is not after-acquired property, but is proceeds from sale of collateral to which their respective liens had previously attached." Sullivan v. U.S., 389 B.R. at 619.

In originally responding to the USA's Motion for Summary Judgment, Roland tried to create an issue of material fact by arguing that certain funds held by the Trustee are after-acquired property. The Trustee is currently holding two pots of money. The first pot consists of $125,000 obtained as the result of the sale of Debtor's personal property. The second pot consists of two settlements recovered by the Trustee on two of Debtor's accounts receivable totaling $77,820.26. In its Response to the USA's Motion for Summary Judgment, Roland argued that there were issues of material fact as to when the federal tax lien and its security interest attached to the $77,820.26. The Opinion held that this did not raise a genuine issue of material fact, because the disputed fact would not be outcome determinative under applicable law. Id. at 619 (quoting Schreiber v. United States (In re Schreiber), 163 B.R. 327, 331 (Bankr.

N.D. Ill. 1994) (additional quotations omitted)). Assuming *arguendo* that the $77,820.26 was after-acquired property, both the federal tax lien and the security interest would have attached and, therefore, both become perfected under state law simultaneously, but the federal tax lien would be rendered "first in time" pursuant to 26 U.S.C. § 6323(a). Id. at 620 (citing McDermott, 507 U.S. at 455).

In addition, Roland now argues for the first time in its Rule 59 Motion that entry of summary judgment was premature, because it was entitled to discovery regarding when the federal tax lien and Roland's security interest attached and, therefore, what property may be after-acquired. (Roland's Motion to Amend/Reconsider ¶ 10.) It must be observed that Roland never made a Motion for a continuance to conduct any discovery before the ruling pursuant to Fed. R. Civ. P. 56(f)(2), made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7056. But more directly pertinent here, for reasons already discussed, whether or not some of the property was after-acquired would not change the outcome as a matter of law. Therefore, no issue of material fact has been shown.

### *The* McDermott *Reasoning Applies Here*

Although McDermott addressed a situation involving after-acquired property, the Opinion found that the reasoning of that case applied equally to the $125,000 in sale proceeds. According to the Opinion, "If a federal tax lien takes priority over a security interest that attaches at the same time, it must follow that a federal tax lien has priority over a simultaneously filed or recorded security interest." Sullivan v. U.S., 386 B.R. at 619. In McDermott, the federal tax lien and the security interest *attached* when the debtor acquired rights to the collateral and, therefore, the liens were *perfected* at the same time. Id. at 618 (citing McDermott, 507 U.S. at 452-53).

The Opinion herein held that the federal tax lien took priority as a matter of law and public policy, because the government was an "involuntary creditor" which could not bargain for additional security. Id. (citing McDermott 507 U.S. at 454-55). Here, the IRS' tax lien and Roland's security interest immediately *attached* to the $125,000, because Debtor already had rights to the collateral (i.e., the personal property later sold in bankruptcy). The IRS and Roland *recorded* simultaneously with the Illinois Secretary of State's Office and, therefore, their liens were *perfected* at the exact same moment. In both McDermott and in the present case, there was a tie as to when the parties *perfected*. It would not matter that one perfection may be created by *attachment* and the other by *recordation* since in both cases, the parties *perfected* at the exact same moment. As a matter of public policy, under reasoning in McDermott, the USA through the IRS takes priority in both cases because it is an involuntary creditor and the collection of tax revenue is essential to the functioning of the government. Sullivan v. U.S., 389 B.R. at 618-19 (citing McDermott, 507 U.S. at 453).

Roland continues to argue that McDermott only applies to situations involving after-acquired property. In support thereof, Roland asserts that the Opinion mischaracterized the $125,000 as after-acquired. This is not so; the Opinion found that the parties agreed that the $125,000 was not after-acquired. Nevertheless, the Opinion held that the McDermott reasoning applied to the $125,000, because both situations dealt with simultaneous perfection. Furthermore, the Opinion held that even if the $77,820.26 was after-acquired, this did not create a genuine issue of material fact, because it would not change the outcome under applicable law. Thus, Roland's arguments concerning the applicability of McDermott and the characterization of certain property of the estate as after-acquired does not establish a manifest error of law or fact.

*Roland's Security Interest did not Satisfy the Requirements of the Choateness Doctrine*

Second, Roland concedes that precedent of the Fifth Circuit is not binding on courts within the Seventh Circuit, but continues to argue that Southern Rock is the most persuasive case on the issue of simultaneous perfection. (Roland's Motion to Amend/Reconsider ¶ 4.) For reasons earlier stated in the Opinion, it was held that the reasoning of Southern Rock has been rejected by a Seventh Circuit panel opinion in J.D. Court. It was held in J.D. Court that the choateness doctrine was not superceded by the Federal Tax Lien Act of 1966. See Sullivan v. U.S., 389 B.R. at 615 (citing J.D. Court, 712 F.2d at 263). In addition, this case is certainly bound by precedent of the Supreme Court established in McDermott. Roland's renewed argument concerning Southern Rock is not a grounds to alter or amend the judgment herein.

Roland further argues that in following J.D. Court, the Opinion misapplied the choateness doctrine. In order to be first in time, the state law lien had to be "choate;" that is "the identity of the lienor, the property subject to the lien, and the amount of the lien are established." Sullivan v. U.S., 389 B.R. at 614 (quoting United States v. City of New Britain, Conn., 347 U.S. 81, 84 (1954)). Roland argues that it fulfilled the three requirements, because it is the lienor, the $125,000 resulted from sale of property subject to the lien, and Roland's invoices sent to Debtor (and, by extension, its Proof of Claim) establish the amount of the lien. (Roland's Motion to Amend/Reconsider ¶ 5.)

Roland's conclusory recitation of the elements of the choateness doctrine does not establish that it fulfilled the requirements of the doctrine. At common law it was very difficult for a secured creditor to meet the requirements of the choateness doctrine. For example, in United States v. White Bear Brewing Co., the Supreme Court held that a federal tax lien had

priority over a mechanic's lien, even though the federal interest arose only after the lienor had completed his work, had perfected his lien under state law, and had commenced suit to enforce it. 350 U.S. 1010 (1956) rev'g mem. 227 F.2d 359 (7th Cir. 1955). As explained in the earlier Opinion in this case, "[t]he practical effect of the choateness doctrine was that only liens that had been reduced to judgment received priority over federal tax liens." Sullivan v. U.S., 389 B.R. at 614 (citing William T. Plumb, Federal Liens and Priorities–Agenda for the Next Decade, 77 Yale L.J. 228, 229 (1967)). According to Plumb's commentary:

> *A lien might be complete and perfected for every purpose of state law*, and hence not "inchoate" as we understand that term. Yet it would also not be "choate," by federal judicial standards, unless (1) the identity of the lienor, (2) the property subject to the lien, and (3) the amount payable were fixed beyond possibility of change or dispute.
>
> Except for certain possessory liens and certain state and local tax liens (if they attached to definite property, in amounts assessed and determined, and were summarily enforceable without judicial proceedings), *no common law, equitable or statutory lien could meet that judicial standard of "choateness" until the lienor's claim had been reduced to judgment.*

Plumb, supra 77 Yale L.J. at 230 (emphasis added) (citations omitted).

Thus, while Roland is correct that the "identity of the lienor, the property subject to the lien, and the amount payable were fixed" for purposes of state law under Article 9 of the Uniform Commercial Code, its lien did not satisfy the federal choateness doctrine because it was not reduced to judgment.

The earlier Opinion made clear that "[t]he practical effect of the choateness doctrine was that only liens that had been reduced to judgment received priority over federal tax liens," Sullivan v. U.S., 389 B.R. at 614 (citations omitted), and Roland certainly does not claim that it obtained a judgment on its lien. Furthermore, even if Roland's lien had complied with the

-9-

choateness doctrine, that would not resolve the issue of how to resolve a simultaneous perfection. The McDermott reasoning that the Government wins as a matter of public policy because it is an involuntary creditor still applies.

### *The Forty-five Day Safe Harbor does not Apply*

In its Reply brief, Roland raised a new ground for its Motion, suggesting that under 26 U.S.C. § 6323 it had forty-five days to comply with the requirements of the choateness doctrine. Roland did not originally raise this argument either in opposing the USA Motion for Summary Judgment or in its Motion to Amend/Reconsider, and does not now provide any legal support for this assertion.

The Federal Tax Lien Act does provide a forty-five day safe harbor for future advances under 26 U.S.C. § 6323(d):

> Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid with respect to a security interest which came into existence after tax lien filing by reason of disbursements made before the 46th day after the date of tax lien filing, or (if earlier) before the person making such disbursements had actual notice or knowledge of tax lien filing, but only if such security interest
>
> (1) is in property (A) subject, at the time of tax lien filing, to the lien imposed by section 6321, and (B) covered by the terms of a written agreement entered into before tax lien filing, and
>
> (2) is protected under local law against a judgment lien arising, as of the time of tax lien filing, out of an unsecured obligation.

In other words, if a creditor extends a line of credit but does not give value at the time of the agreement, and the government subsequently files a notice of tax lien, the secured creditor has priority if it gives value within the forty-five days following the notice of tax lien. This safe harbor relieves creditors of the need to check the records of the state recording authority on a

-10-

daily basis before making a cash advance, but allows them to check only once every forty-five days. This provision does not apply to the facts of this case, because Roland did not extend a line of credit.

## CONCLUSION

Roland's "Motion to Amend/Reconsider," treated under Rule 59 Fed. R. Civ. P. as a Motion to Alter or Amend the Judgment, does not present any newly discovered evidence or show manifest error of law or fact. For the foregoing reasons, Roland's Motion will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 25th of August 2008.

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on August 26, 2008, I caused to be mailed by United States first class mail copies of the foregoing Memorandum Opinion to the following:

David Lloyd
Grochocinski Grochocinski & Lloyd Ltd
1900 Ravinia Place
Orland Park, IL 60462
Counsel for Plaintiff

John L. Schoenecker,
James E. Brown,
U.S. Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Counsel for Defendant, USA

Thomas W Lynch
Thomas W Lynch & Associates PC
9231 S Roberts Rd
Hickory Hills, IL 60457
Counsel for Karen Butler and Sheila Paravich

James R. Mata
Nigro & Westfall, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
Counsel for Defendant Roland Machinery Co.

*Dorothy Clay*
Secretary/Deputy Clerk